UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TODD LAUCELLA,<br><br>                            Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, a North Carolina limited liability company; and DOES 1-25,<br><br>                            Defendants. | Case No.: 24-cv-00068-JAH-DEB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br>**[ECF No. 6]** |

## INTRODUCTION

Presently before this Court is Plaintiff Michael Todd Laucella's ("Plaintiff") Motion to Remand pursuant to 28 U.S.C § 1447. ECF No. 6 ("Motion." Or "Mot."). Defendant Lowe's Home Centers, LLC ("Defendant") filed a Response in Opposition to the Motion to Remand. ECF No. 12 ("Opp'n"). Plaintiff filed a reply. ECF No. 4, ("Reply"). For the reasons discussed below, the Court **DENIES** Plaintiff's Motion to Remand.

## BACKGROUND

Plaintiff originally filed this action on November 15, 2023, in the Superior Court of California for the County of San Diego asserting state law causes of action for negligence; premises liability. Plaintiff alleges that, while selecting boards for a project in a Lowe's

1

retail store in Carlsbad, California, "several 12-foot-long boards slid off the shelf and landed directly on top of his right foot." Compl ¶¶ 8-9. Plaintiff alleges that he sustained injuries, but the full extent of the injuries and damages are not yet known, and he has undergone "medical treatment, including podiatry visits, pain treatment and management, X-Ray imaging, and has further treatment." *Id*. ¶ 11. Plaintiff alleges his injuries were a result of the alleged failure by Defendant Lowe's to make the lumber rack safe for customers and alleged failure to "take measures to caution or to prevent customers from searching through the lumber rack while the bumpers were not properly installed." *Id*. ¶ 13. Plaintiff also alleges that "it was reasonably foreseeable that the boards could easily slide down off the rack and severely injure customers unless there were safety bumpers or other prevention methods in place." *Id*.

On January 10, 2024, Defendant removed the action to this Court based on diversity jurisdiction. Plaintiff now moves to remand this action to state court on the ground that removal was improper.

## DISCUSSION

### I. LEGAL STANDARD

The federal court is one of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 94-102 (1998). District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988). Removal jurisdiction is governed by 28 U.S.C. § 1441 et seq. A state court action can be removed if it could have originally been brought in federal court. 28 U.S.C. § 1441(a); *Caterpillar, Inc v. Williams*, 482 U.S. 386, 392 (1987). The burden is on the removing party to demonstrate federal subject matter jurisdiction over the case. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

///

## II. Analysis

Plaintiff argues that remand is warranted because Defendant has not met its burden of demonstrating that removal is proper based on diversity of citizenship. Mot. at 6. Plaintiff also argues Defendant's "snap removal" gamesmanship goes against the strong presumption against removal jurisdiction. Mot. at 6-7.

Defendant opposes the motion and argues that the motion must be denied for the following reasons: (1) at the time of removal, complete diversity of citizenship existed, and removal was proper; (2) Lowe's properly removed this action within the statutorily allotted time; (3) Defendant did not make a "snap removal" as alleged by Plaintiff; and (4) Plaintiff failed to timely file the motion by the 30-day deadline. Opp'n at 4-7.

The Court will address the timeliness of Plaintiff's challenge to removal before discussing the merits of his motion.

### A. Timeliness of the motion

Defendant argues Plaintiff's motion should be denied as untimely. Plaintiff's counsel admits in his declaration in support of the motion that the Motion to Remand was untimely. De La Paz Decl. ¶ 6, ECF No. 12-1. However, counsel maintains he was ready to file the motion in the afternoon on Friday, February 9, 2023, but he was unable to access the ECF filing system. *Id*. He further explains that because it was after court hours, he was unable to contact technical support until the following Monday. *Id*. He subsequently learned that he was not admitted to practice in the Southern District and took steps to be admitted and promptly filed the motion. *Id*. Plaintiff's counsel requests this Court overlook the tardiness for good cause and contends Plaintiff should not be prejudiced for his oversight. *Id*.

"A motion to remand is the proper procedure for challenging removal." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). "A motion to remand made based on any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). The purpose of this time limit is "to resolve the choice of forum at the early stages

of litigation." *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995) (quoting *Maniar v. FDIC*, 979 F.2d 782, 785 (9th Cir. 1992)).

Defendant filed its Notice of Removal on January 10, 2024. Accordingly, Plaintiff was required to file a motion to remand based on any procedural defect no later than February 9, 2024. It is undisputed that Plaintiff's motion, filed on February 15, 2024, is untimely. Plaintiff requests the Court address the untimely motion on its merits based on "good cause" and prejudice to Plaintiff. De La Paz Decl. ¶ 6. However, the 30-day time limit to file a motion to remand based on a procedural defect is strictly enforced. *See N. California Dist. Council of Laborers*, 69 F.3d at 1038 ("[T]he district court had no authority to remand the case to the state court on the basis of a defect in removal procedure raised for the first time more than 30 days after the filing of the notice of removal."); *see also Hill v. Blind Indus. & Servs. of Maryland*, 179 F.3d 754, 757 (9th Cir. 1999) ("Removal and remand are…governed by strict time limits.").

Plaintiff moves to remand on two grounds. First, Plaintiff argues Defendant fails to establish diversity jurisdiction. The 30-day deadline under Section 1447 does not apply to motions challenging subject matter jurisdiction. *See* U.S.C. § 1447(c). Therefore, to the extent Plaintiff seeks to remand based on a lack of complete diversity of the parties, the motion is not time-barred and the Court will address the merits of Plaintiff's motion below.

Plaintiff also challenges Defendant's removal as an improper "snap removal" and argues Defendant removed the case to this Court before he had any opportunity to obtain the identity of Doe Defendants through discovery. "Snap removal" is a tactic used to circumvent the forum defendant rule by removing an action before a forum defendant is served.[1] *Lam Sing v. Sunrise Senior Management, Inc.*, 2023 WL 3686251 (N.D. Cal. May 26, 2023). The Ninth Circuit has determined the forum defendant rule is procedural. *Lively*

---

[1] Pursuant to section 1441(b), an action removable based on diversity jurisdiction cannot be removed if any of the "joined and served defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This prohibition on removal is known as the "forum defendant rule." *Atlantic Nat. Trust LLC v. Mt. Hawley Ins. Co.*, 621 F.3d 931, 939 (9th Cir. 2010).

*v. Wild Oat Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006). Accordingly, Plaintiff's untimely motion to remand as an improper "snap removal" is DENIED.

**B.     Diversity of Jurisdiction**

Plaintiff argues that this case should be remanded because Defendant fails to demonstrate removal is proper based on diversity jurisdiction. Plaintiff contends that he has legitimate causes of action against the store manager and the employee responsible for making the lumber aisle safe, but he is ignorant of the names of these two defendants. Therefore, Plaintiff maintains, he plead the complaint with Doe Defendants for substitution when he obtains their identities through discovery. However, Plaintiff argues, Defendant filed their removal notice before Plaintiff had the opportunity to determine the true names.

In opposition, Defendant contends complete diversity existed at the time of removal and the complaint's reference to Doe Defendants does not destroy diversity or preclude the case from being removed. Defendant argues Plaintiff's contention that he planned to substitute in the store manager and employee when he determined their identities through discovery is irrelevant to diversity of citizenship at the time of removal and nothing in the complaint suggests an intent to add an individual defendant by Plaintiff. Furthermore, Defendant argues Plaintiff's assertion that he did not have the opportunity to conduct discovery to determine the identities of the Doe Defendants is false and misleading because Plaintiff did not serve initial written discovery in this case until almost a month past the deadline for Defendant to file its Notice of Removal. Defendant contends it met its burden of satisfying the complete diversity requirement at the time of removal and, therefore, removal was proper.

In reply, Plaintiff contends he and his attorney were ignorant of the names of the store manager and employee. As such, he contends, the complaint indicates his intention to sue Defendant's employees once their identities were ascertained. However, if the Court determines removal was proper at the time Defendant removed the case, Plaintiff urges the Court to consider 28 U.S.C. § 1447(e), which provides, if a plaintiff seeks to join additional

defendants whose joinder would destroy subject matter jurisdiction, the Court may deny joinder, or permit joinder and remand the action to state court.

Federal courts have diversity jurisdiction over actions where the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. *See* 28 U.S.C. § 1332. The parties do not dispute the amount in controversy requirement is met. It is uncontroverted that there is complete diversity between Plaintiff and the named Defendant. Plaintiff is a citizen of California, while Defendant is a North Carolina corporation with its principal place of business in North Carolina. However, Plaintiff alleges that "Doe defendants 1-25 were agents, employees, and acted within the course and scope of such agency, employment." Compl ¶ 4.

When determining whether removal of a civil action based upon diversity jurisdiction is appropriate, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C.A. § 1441(b); *see also Soliman v. Phillip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictious defendants is disregarded for removal purposes and becomes relevant only when the plaintiff seeks leave to substitute a named defendant."). The legislative history of section 1441 "corroborates and confirms this conclusion." *Rojas by & through Rojas v. Sea World Parks & Ent., Inc.*, 538 F. Supp.3d 1008, 1023 (S.D. Cal. 2021).

This Court finds that the plain language of section 1441(b) explicitly mandates that courts disregard the citizenship of fictious defendants when evaluating whether diversity jurisdiction exists on a motion to remand. Thus, diversity of citizenship existed at the time of removal.

///
///
///
///
///
///

**CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED Plaintiff's Motion to Remand is **DENIED without prejudice**.

DATED: April 22, 2024

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE